IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONRAD EUGENJE MILLER,  )
    Petitioner,  )
                                   )
       v,  )   2:11-cv-70
                                   )
BUTLER CO. COURT OF COMMON  )
PLEAS, et al.,  )
    Respondents.  )

MEMORANDUM and ORDER

Mitchell, M.J.:

      Conrad Eugene Miller has presented a petition for a writ of habeas.[1] For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

      Miller was convicted upon a plea of guilty to charges of retail theft, driving under the influence, possession of a controlled substance, possession of drug paraphernalia, disregarding traffic lanes and careless driving at Nos. 2517 of 2002, 58 of 2003 and 1000 of 2003 in the Court of Common Pleas of Butler County, Pennsylvania. On June 18, 2003, he was sentenced to a total of eighteen to thirty-six months incarceration to be followed by a probationary term.[2] On February 6, 2009, petitioner was charged as a probation violator.[3] Following a hearing on February 23, 2009, and pursuant to an agreement, the petitioner was sentenced to time served and directed to complete a sexual offender assessment and continue on probation.[4] No appellate relief was sought.

      It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

---

[1] The petition was originally filed pro-se on January 19, 2011 and on January 24, 2011 counsel entered an appearance on behalf of the petitioner.
[2] See: Petition, answer of the Commonwealth and Exhibit 4 thereto.
[3] See: Exhibit 7 to the answer.
[4] See: Exhibit 8 to the answer.

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the petitioner's conviction became final on July 18, 2003, when the time in which to appeal to the Pennsylvania Superior Court expired.[5] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief. There was no further action in this case until February 6, 2009 when a probation violation warrant was issued.[6] A violation hearing was conducted on February 23, 2009 following which the petitioner was sentenced to time served and ordered released from custody to continue on probation pursuant to the agreement of the parties.[7] No appeal was taken. The instant petition was executed on January 11, 2011, or over seven years after Miller's conviction became final. Thus, any challenge to the underlying conviction is time barred.

However, the petitioner appears to be challenging the probation conditions imposed on him on February 23, 2009 from which no appeal was taken. Clearly, this challenge filed almost two years after sentence was imposed is likewise time barred and no basis for equitable tolling of this requirement has been demonstrated.

---

[5] Rule 903(a), Pa.R.App.P.
[6] See: Answer at Exhibit 7.
[7] See: Answer at Exhibits 8 and 9.

At this juncture the petitioner has no remedies available to him in the state courts since an appeal would have had to been filed by March 25, 2009 and a post-conviction petition by February 23, 2010. In <u>Coleman v. Thompson</u>, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has defaulted the available state court remedies on these issues and no further consideration of these issues is warranted here.

Accordingly, since the petition is time barred and no basis for equitable tolling has been demonstrated, and because the petitioner failed to exhaust the available state court remedies his petition here is subject to dismissal. For these reasons the petition of Conrad Eugene Miller for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 4th day of April, 2011, for the reasons set forth in the foregoing Memorandum, the Petition of Conrad Eugene Miller for a writ of habeas corpus is DISMISSED and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell
United States Magistrate Judge